VALENTÍN POLANCO DE JESÚS ET AL., Plaintiffs and Appellees, *v.* SANTIAGO RUIZ LÓPEZ, Defendant and Appellant, and MUNICIPALITY OF CIALES, Defendant.

No. 8254. Argued December 2, 1940.—Decided December 6, 1940.

*Santiago Ruiz López, in pro. per.,* for appellant. *L. Mercader* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The appeal taken in this case is sought to be dismissed on the ground that it is frivolous.

From the record it appears that Valentín Polanco de Jesús and Emilio Reynés brought a suit against Santiago Ruiz López and the Municipality of Ciales for nullity and other relief, and that both parties appealed from the judgment rendered in the same.

In deciding that appeal this court reversed so much of the judgment appealed from as was adverse to the plaintiffs and adjudged the defendant, Santiago Ruiz López, to pay to them seventy-five dollars as damages, with costs. *Polanco* v. *Ruiz,* 55 P.R.R. 758.

After the record had been returned to the district court, the plaintiffs filed a memorandum of costs for the sum of $1,246, of which one thousand was for attorney's fees. Ruiz objected to the memorandum and after a hearing was had, the court, on the 20th of last February approved the same for $246, and excluded attorney's fees. The plaintiffs appealed and their appeal is now pending.

At this stage, the plaintiffs presented a motion to the court for an order directing that the execution of the judg-

ment should be proceeded with as to the award of $75 for damages, and the court so ordered on June 7, 1940. From that order Ruiz took the appeal whose dismissal is now sought.

Notice of the motion to dismiss was served on the appellant on November eighteenth last and a hearing thereon was held on the second of this instant December, without the appearance of the parties. The appellant has filed no written statement regarding said motion.

There is no dispute as to the enforcibility of the $75 award. The judgment is final (*firme*) as to this pronouncement. It is the pronouncement of costs, as regards the amount thereof, which is pending. Does a judgment constitute such a whole that it can not be divided for the purpose of its execution? As regards a voluntary payment, it seems clear that a portion thereof might be covered and the controversy continued before the courts as to that portion on which no agreement has been reached. The doubt arises where, as in this case, no voluntary payment is involved and it is necessary to resort to an attachment and judicial sale in order to satisfy that part of the judgment that admits of no controversy, since then another procedure for the collection of the balance would have to be followed involving an increase in the expenses of execution which would eventually fall on the debtor.

However, as that doubt has not even been raised by the appellant who could avoid a greater expense by paying what he owes, and as said appellant has not opposed the motion in any way, and as at first view it appears that the issuance of execution lies, it must be concluded that the appeal is frivolous, it having been taken for the sole purpose of delaying the execution of that part of the judgment as to which there is and can be no controversy now.

That being so, in accordance with Rule 59 of this court, the appeal must be dismissed.